**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GRISELDA BARRERA
MAZARIEGOS; et al.,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 23-439

Agency Nos.
A215-647-852
A215-647-853

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 17, 2024[**]

Before: S.R. THOMAS, McKEOWN, and HURWITZ, Circuit Judges.

Griselda Barrera Mazariegos and her minor daughter, natives and citizens of

Guatemala, petition pro se for review of the Board of Immigration Appeals'

("BIA") order dismissing their appeal from an immigration judge's ("IJ's")

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

decision denying their application for asylum, and Barrera Mazariegos's applications for withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny the petition for review.

Because petitioners do not challenge the agency's dispositive adverse credibility determination, we do not address it. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013). The BIA did not err in declining to reach the IJ's determination on the merits, *see Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach), and we do not reach petitioners' contentions as to the merits because the BIA did not deny relief on these grounds, *see Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)). Thus, petitioners' asylum claim and Barrera Mazariegos's withholding of removal claim fail.

Substantial evidence supports the agency's denial of CAT protection because Barrera Mazariegos's claim was based on the same testimony the agency found not credible, and Barrera Mazariegos does not point to any other evidence in the record that compels the conclusion that it is more likely than not she would be

2                                                                                      23-439

tortured in Guatemala. *See Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**